## Oliver Tuton v. The State.

1. **Theft from a House.** — Since the enactment of the act of August 21, 1876, repealing article 764 of the Penal Code, there has been, in this state, no such a specific offense as theft from a house.

3. **Repeal of Penal Laws.** — When an act defining and punishing an offense has been repealed by an act which makes no provision respecting past offenses or pending cases, the punishment prescribed by the repealed act cannot be inflicted on a defendant convicted under it before its repeal, but whose appeal from the conviction was pending when the act was repealed:

APPEAL from the District Court of DeWitt. Tried below before the Hon. D. D. CLAIBORNE.

The opinion states the case.

*R. Kleburg*, and *Lackey & Stayton*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.   At the August term, A. D. 1875, the appellant in this case was tried and convicted, in the District Court of DeWitt County, of "theft from a house," and, upon being sentenced to the penitentiary, he gave notice of appeal.   Before his appeal was perfected he made his escape from custody, and was rearrested on January 21, 1878, and lodged in jail, where he now remains in confinement.   The transcript of the record in the case was ordered to be made out by counsel for defendant, and forwarded for trial on appeal to this term of the court.   It appearing that his right of appeal has never been forfeited, the case comes to us as any other case of appeal from a conviction of "theft from a house."

Being so considered, as was said in *Montgomery* v. *The State*, "we are clearly of the opinion that, since the passage of the act of August 21, 1876 (Acts Fifteenth Legislature, 233), there is no such offense known to the law of this state as theft from a house;" and we so held in *Cottenham* v. *The State*, 1 Texas Ct. App. 463, and *Sheppard* v. *The State*, 1 Texas Ct. App. 522, and cases there cited.

"This law repealing, as it does, the former law relating to this offense, without prescribing any regulation affecting cases pending at the time of its passage, those who had violated the repealed law prior to its repeal cannot be punished under it since its repeal."   2 Texas Ct. App. 618.

There now being no such offense as that for which defendant was tried and convicted, and no provision of law by which he can be punished under his conviction, the judgment of the lower court must be reversed and the cause dismissed.

*Reversed and dismissed.*